UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
|---|---|---|---|
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Sean Crain | Albert Donahue, Pro Se |

**Proceedings:** PLAINTIFF PAYOBIN'S APPLICATION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT UMBRELLA ONLINETECH, LLC (Dkt. 28, filed January 9, 2017)

## I. INTRODUCTION

On September 16, 2016, plaintiff Payobin Ltd. filed this action against defendants Umbrella Onlinetech, LLC ("Umbrella"), doing business as EPrime Global, Albert Donohue, and Does 1–25, inclusive. Dkt. 1 ("Compl."). Payobin raises four claims against Umbrella alone: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) open book account; and (4) account stated. Id. In addition, Payobin asserts five claims against all defendants: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) negligent interference with prospective economic relations; (4) unfair/fraudulent business practice in violation of California's Business & Professions Code § 17200; and (5) negligence. Id.

Payobin served Umbrella and Donohue with the summons and complaint on September 22, 2016. Dkts. 10, 11.

On October 11, 2016, Donohue—on behalf of himself and Umbrella—filed a response and request for additional time to answer the complaint. Dkt. 13. On October 13, 2016, the Court denied Donohue's request for an extension without prejudice. Dkt. 17. The Court explained that, pursuant to Local Rule 83-2.2.2, Umbrella must be represented by an attorney in order to appear before the Court. Id.

Donohue, proceeding pro se, filed an answer to the complaint on November 7, 2016. Dkt. 19. Umbrella, however, has not filed a responsive pleading. On November 18, 2016, Payobin requested entry of default against Umbrella. Dkt. 22. On November 22, 2016, the Clerk of Court entered a default against Umbrella. Dkt. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

On January 9, 2017, Payobin filed the instant motion for a default judgment against Umbrella. Dkt. 28 ("Motion"). Payobin seeks a default judgment against Umbrella with respect to Payobin's four claims against Umbrella alone. Id. at 1.

## II. BACKGROUND

Payobin alleges the following in its complaint.

Payobin is a technology company that offers customer relationship management services that enable merchants to manage their accounts and conduct transactions with clients. Compl. ¶ 5. Umbrella is a payment service provider that processes payments from online payment companies. Id. ¶ 6. Donohue holds himself out as the Chief Executive Officer of Umbrella. Id. ¶ 7.

On or about December 23, 2014, Payobin entered into a Wholesale Agreement ("Agreement") with Umbrella. Id. ¶ 10; see also id. Ex. A. The Agreement requires Umbrella to remit payments to Payobin for the purchase of Payobin's products by various merchants through Umbrella's payment facility. Id. ¶ 12. Pursuant to the Agreement, Umbrella agreed to process payments for Payobin's clients and to transfer the money—including Payobin's commissions—to Payobin. Id. ¶ 11. Payobin then transfers these payments—less its commissions—to its clients. Id. Payobin alleges that Umbrella processed payments, but failed to transfer them (and the commissions) to Payobin. Id. Specifically, Umbrella has failed to remit to Payobin $497,596.53 in violation of the Agreement. Id. ¶ 13. As a result, Payobin was forced to pay merchants from its own accounts. Id. ¶ 11. Payobin avers that Umbrella's failure to remit the funds in question is a material breach of the Agreement. Id. ¶ 14.

Payobin alleges that Donohue repeatedly and fraudulently assured Payobin that payment had been made or was forthcoming. Id. ¶¶ 15–18. In reliance on these promises, Payobin communicated to its customers that payments were forthcoming. Id. ¶¶ 20–21. Umbrella's failure to remit the outstanding funds has adversely affected Payobin and its customers. Id. ¶ 22.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the

...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, No. 2:03-cv-6381-GAF-JTL, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, No. 2:03-cv-06387-DT-RC, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 2004 WL 783123 at *1–2. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted).

IV.   DISCUSSION

    A.   **Possibility of Prejudice to Plaintiff**

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

Payobin notified Donohue that it intended to file a request for an entry of default and that it intended to file a motion for a default judgment against Umbrella. See dkt. 28-1, Declaration of Sean Crain ¶¶ 10–11 & Exs. D, E. Nonetheless, Umbrella has failed to file a responsive pleading. Given Umbrella's failure properly to respond and defend this suit, Payobin would be prejudiced if denied a remedy against Umbrella. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

    **B.**    **Substantive Merits and Sufficiency of the Claim**

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

Payobin seeks a default judgment against Umbrella on Payobin's claims of: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) open book account; and (4) account stated.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011). Payobin has alleged that (1) Payobin entered into the Agreement with Umbrella; (2) Payobin has done all, or substantially all of the significant things required by the Agreement, except for those that have been waived or excused; (3) Umbrella has breached the agreement by failing to transmit the appropriate funds; and (4) Payobin has suffered damages that are not excluded from recovery by the Agreement. Compl. ¶¶ 11–14, 23–29. As a result, the Court concludes that Payobin adequately pleads its breach of contract claim.

To establish a breach of the covenant of good faith and fair dealing in California, a plaintiff must show:

> (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:16-cv-06978-CAS(JCx) | | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | | |

the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.

Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010). In addition to allegations demonstrating a breach of contract, Payobin also alleges that Umbrella unfairly interfered with Payobin's right to receive the benefits of the Agreement. Compl. ¶ 34. As a result, the Court concludes that Payobin adequately pleads its claim for breach of the implied covenant of good faith and fair dealing.

"An open book account is a detailed statement that constitutes the principal record of the transactions between a creditor and debtor arising out of a contract or fiduciary relationship, including the debits and credits." H & C Global Supplies SA DE CV v. Pandol Assocs. Mktg., Inc., No. 1:13-cv-0827-AWI-SKO, 2013 WL 5954812, at *2 (E.D. Cal. Nov. 6, 2013) (citing Cal. Code Civ. Proc. § 337a.). To plead a claim for an open book account claim, a plaintiff show: "(1) [that] Plaintiff and Defendant had financial transactions; (2) that Plaintiff kept an account of the debits and credits involved in the transactions; (3) that Defendant owes money on the account; and (4) the amount of money that Defendant owes Plaintiff." In re Beshmada, LLC, No. 2:09-BK-25523-BR, 2014 WL 4060262, at *7 (C.D. Cal. Aug. 15, 2014) (quotation marks omitted). However, "[a]n express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account." Durkin v. Durkin, 284 P.2d 185, 190 (Cal. 1955). "[U]nder California law, money due under an express contract cannot be recovered in an action claiming an open book account unless there is a contrary agreement by the parties." H & C Global Supplies, 2013 WL 5954812, at *2; Martini E Ricci Iamino S.P.A. v. W. Fresh Mktg. Servs., Inc., 54 F. Supp. 3d 1094, 1109 (E.D. Cal. 2014) (same, collecting cases); Tillson v. Peters, 107 P.2d 434, 437 (Cal. Dist. Ct. App. 1940) ("We think that plaintiff's attempt to recover by alleging an open book account when his right of action is based upon the terms of an express contract ought not to be allowed." (quotation marks omitted)). Here, Payobin makes no allegation that there is a "contrary agreement" between the parties; rather, in the Complaint, Payobin appears to have simply restyled its claim for breach of contract as a claim for open book account. Accordingly, the Court concludes that Payobin has failed to state a claim for open book account on which it can recover.

An account stated is an agreement between two parties to settle an existing debt. See Gleason v. Klamer, 103 Cal. App. 3d 782, 786 (1980) ("An account stated is an agreement, based on the prior transactions between the parties, that the items of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

account are true and that the balance struck is due and owing from one party to another."). To plead a claim for account stated, a plaintiff must plead: "(1) previous transactions between the parties establishing the relationship of debtor and creditor [i.e., an existing debt]; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." Zinn v. Fred R. Bright Co., 271 Cal. App. 2d 597 (1969). Like a claim for open book account, under California law, a claim for account stated may not be "predicated upon the breach of the terms of an express contract." Nat'l Ins. Co. of Hartford v. Expert Auto. Reconditioning, Inc., No. 8:13-cv-0873-DOC-JPR, 2013 WL 6190591, at *3 (C.D. Cal. Nov. 24, 2013); see also Moore v. Bartholomae Corp., 159 P.2d 436, 437 (Cal. Ct. App. 1945) ("The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated."); 1 B.E. Witkin, Summary of California Law § 973 (2005) ("An account stated cannot supersede an existing *specialty*, such as a written contract or promissory note, for the written instrument involves no uncertainty in the sum due, and is higher evidence of the debt."). Rather, to establish a claim for account stated, a plaintiff must show the existence of a "new contract by and under which the parties have adjusted their differences and reached an agreement." Gardner v. Watson, 170 Cal. 570, 574, 150 P. 994 (1915). Here, Payobin fails to allege the existence of any "new contract" with Umbrella or how "the parties have adjusted their differences." Instead Payobin seeks to recover the amounts it claims are due and owing under the Agreement. See Compl. ¶ 44. Accordingly, the Court concludes that Payobin has failed to state a claim for account stated on which it can recover.

As a result, the second and third Eitel factors weigh *in favor* of entry of a default judgment on Payobin's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. However, the second and third Eitel factors weigh *against* entry of a default judgment on Payobin's claims for open book account and account stated. See Eitel, 782 F.2d at 1472 (concluding that the district court did not abuse its discretion in denying the default judgment in part because the district court "had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings").

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, Payobin seeks $497,596.53, which allegedly constitutes the outstanding funds that Umbrella is obligated under the Agreement to remit to Payobin. See Compl. ¶ 13. In a May 16, 2015 email from Donohue to Eyal Nachum, Payobin's Chief Executive Officer, Donohue concedes that there is an outstanding balance to be transferred to Payobin in the amount of $497,596.53. See Dkt. 28-2, Declaration of Eyal Nachum ¶ 8 & Ex. F ("Until now we have transferred you $1,850,623.37 after which we have left with $497,596.53 balance."). In addition, Donohue stated in the email: "[w]e are going to . . . take a responsibility of these balances[.]" Id. Ex. F.

The remedy that Payobin seeks is limited to the damages that would be reasonably expected to put Payobin in the same position had Umbrella satisfied the terms of the Agreement. Because Payobin only seeks to recover what is owed under the Agreement, the sum of money at stake is reasonably proportionate to the harm caused to Payobin. Therefore, the fourth Eitel factor weighs in favor of default judgment.

**D.    Possibility of Dispute**

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As explained, Payobin has adequately pleaded its claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Umbrella. Payobin's factual allegations are presumed true and Donohue appears to concede that Umbrella owes Payobin $497,596.53. Therefore, the Court concludes that no factual disputes exist that would preclude the entry of default judgment on Payobin's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. As a result, the fifth Eitel factor weighs in favor of the entry of default judgment on those two claims.

**E.    Possibility of Excusable Neglect**

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d

Case 2:16-cv-06978-CAS-JC   Document 33   Filed 02/13/17   Page 8 of 10   Page ID #:252

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
|---|---|---|---|
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

at 1471–72. The possibility of excusable neglect here is remote. Umbrella was served on September 22, 2016. Dkt. 6. Since service, Umbrella has neither responded nor attempted to have its default set aside, notwithstanding the fact that Payobin notified Umbrella that Payobin would seek an entry of default and a default judgment. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### F. Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

### G. Conclusion Regarding the Eitel Factors

All but one of the seven Eitel factors weigh in favor of the entry of default judgment on Payobin's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court therefore **GRANTS** Payobin's motion for default judgment against Umbrella with respect to the claims for breach of contract and breach of the implied covenant of good faith and fair dealing. However, Payobin has failed to establish the merits its claims for open book account and account stated. As a result, the Court **DENIES** Payobin's motion for default judgment against Umbrella with respect to the claims for open book account and account stated. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted).

### H. Prejudgment and Postjudgment Interest

Payobin is entitled to prejudgment and postjudgment interest on the damages it seeks to recover. See Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

thereon from that day[.]"). Payobin's claim for damages is certain, or liquidated, because Umbrella "knew the amount of damages owed to the claimant or could have computed that amount from reasonably available information." Howard v. Am. Nat. Fire Ins. Co., 187 Cal. App. 4th 498, 535, (2010). Where, as here, a contract was entered into after January 1, 1986 and the contract does not specify the rate of interest, a ten percent per annum rate of prejudgment interest applies after a breach. Cal. Civ. Code § 3289. The Court **DIRECTS** Payobin to identify the date of the breach and to calculate the amount of prejudgment interest it is owed. Postjudgment interest shall accrue at the rate of ten percent per annum. Cal. Civ. Proc. Code § 685.010(a).

## I. Attorneys' Fees

In addition to Payobin's request for a default judgment in the amount of $497,596.53, Payobin also requests attorneys' fees and costs. See Motion at 2, 16.

Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment of over $100,000, the schedule of attorneys' fees allows $5,600 plus 2% of the amount of damages awarded over $100,000. Id. Accordingly, Payobin's attorney would be entitled to $13,551.93 in attorneys' fees—that is, $5,600 + $7,951.93 (i.e., 2% of $397,596.53). Payobin has not specified the amount of the costs it seeks to recover. Therefore, the Court does include costs in Payobin's award.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Payobin's motion for default judgment against Umbrella with respect to Payobin's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court **DENIES** Payobin's motion for default judgment against Umbrella with respect to Payobin's claims for open book account and account stated.

Specifically, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of Payobin on its claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Umbrella shall be liable to Payobin in the amount of (a) $511,148.46 (comprising the outstanding amount owed to Payobin under the Agreement and attorneys' fees)' (b) prejudgment interest in an amount to be specified; (c) postjudgment interest at a rate of ten percent per annum while the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-06978-CAS(JCx) | Date | February 13, 2017 |
|---|---|---|---|
| Title | PAYOBIN LTD. v. UMBRELLA ONLINETECH, LLC ET AL. | | |

judgment remains unsatisfied; and (d) costs. Payobin shall submit a Proposed Judgment in accordance with this order.

    IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment. Payobin shall submit forthwith to the Clerk of Court a request identifying the taxable costs it has incurred. See C.D. Cal. L.R. 54-2.1.

    IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |